IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CASTLE CHEESE, INC., )
 )
      Plaintiff, )
 )
v. ) Civil Action No. 08-1158
 )
BLUE VALLEY FOODS, INC., )
 )
      Defendant. )

## MEMORANDUM and ORDER

Gary L. Lancaster,                                                        November 12, 2008
District Judge.

      This is an action alleging misappropriation of trade secrets. Plaintiff, Castle Cheese, Inc., alleges that defendant, Blue Valley Foods, Inc., hired a former Castle Cheese employee named Willard Jacobs and obtained trade secrets from him in violation of Pennsylvania's Uniform Trade Secrets Act (PUTSA), 12 Pa. C.S.A. §§ 5301 et seq.

      Castle Cheese filed this action in the Court of Common Pleas of Lawrence County, Pennsylvania. Blue Valley removed it to this court on the basis of diversity of citizenship, pursuant to 28 U.S.C. § 1332.

      Castle Cheese now seeks to amend the complaint to: (1) add new claims against Blue Valley for intentional interference with contractual relationship and civil conspiracy; and (2) add Jacobs as a new defendant, with claims against him for breach of contract and violation of PUTSA [doc. no. 6]. Castle Cheese also seeks an order remanding the case to state court because the

addition of Jacobs destroys this court's diversity jurisdiction.

For the reasons set forth below, Castle Cheese's motion will be granted and we will remand these proceedings back to the Court of Common Pleas of Lawrence County, Pennsylvania.

I.  BACKGROUND

These parties enjoy a long history of litigation. It begins in 2005, when Castle Cheese filed a complaint in the Court of Common Pleas of Lawrence County, Pennsylvania (Lawrence I) alleging that Jacobs, a former Castle Cheese employee, and the Kantner Group, a competitor, violated certain employment contracts between Jacobs and Castle Cheese. Specifically, Castle Cheese alleged that, when working for Castle Cheese, Jacobs signed three agreements precluding him from disclosing confidential information to third parties and soliciting customers and clients of Castle Cheese. Castle Cheese claimed that Jacobs violated these agreements while working for Kantner. The Lawrence I complaint includes claims for intentional interference with contractual relationships against Jacobs and Kantner, a claim for civil conspiracy against Jacobs and Kantner, and a breach of contract claim against Jacobs.

On October 17, 2007, after receiving discovery indicating that Jacobs was also employed by Blue Valley, a corporation that is "a part [of] or within Kantner", Castle Cheese

2

attempted to add Blue Valley to Lawrence I. Castle Cheese filed a motion to amend its complaint to assert additional claims against Jacobs and Kantner for violations of PUTSA and to assert claims against Blue Valley for intentional interference with a contractual relationship, violation of PUTSA, and civil conspiracy. That same day, Castle Cheese filed a praecipe for writ of summons in the Court of Common Pleas of Lawrence County, Pennsylvania (Lawrence II) naming Blue Valley as defendant. Lawrence II is the action currently pending before this court.

On December 28, 2007, the Court of Common Pleas of Lawrence County denied Castle Cheese's motion to amend the complaint in Lawrence I. The court concluded that a motion to amend was an improper vehicle for adding new parties to an action in state court. Castle Cheese then filed an application for reconsideration of the denial of the motion to amend and a motion to join new party defendant. On February 12, 2008, the state court denied both motions. The court stated that Castle Cheese could continue to assert claims against Jacobs and Kantner for intentional interference with contractual relationships and civil conspiracy but could not assert these claims against Blue Valley because the statute of limitations had expired on them.

On March 6, 2008, Castle Cheese filed another application for reconsideration in Lawrence I. Castle Cheese requested that the court reconsider its order denying additional

3

claims against Blue Valley because of the statute of limitations. On June 6, 2008, the state court issued an order refusing to change its ruling. The court also directed Castle Cheese to filed a complaint in Lawrence II, after which the court would consider consolidation of Lawrence I and Lawrence II.

On August 13, 2008, Castle Cheese filed a complaint in Lawrence II. In its complaint, Castle Cheese asserted a claim against Blue Valley for violation of PUTSA. Six days later, on August 19, 2008, Blue Valley removed Lawrence II to this court. Blue Valley then filed its answer thirteen days later, on September 2, 2008.

Castle Cheese now seeks to amend its complaint in Lawrence II to include claims against Blue Valley for intentional interference with contractual relationships and civil conspiracy and claims against Jacobs, who is not yet a party in this action, for breach of contract and violation of PUTSA. Castle Cheese also seeks a remand to state court if this court grants its motion for leave to amend complaint.

II.  STANDARD OF REVIEW

Fed.R.Civ.P. 15(a) governs amendments to pleadings. Although plaintiff is allowed, as a matter of right, one amendment before any responsive pleading has been filed, subsequent amendments are permitted only with leave of the trial court. Id.

4

The rule requires that courts "should freely give leave when justice so requires," id., and evinces a bias in favor of granting leave to amend. The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading. See, e.g., Foman v. Davis, 371 U.S. 178, 181-82 (1962). Thus, unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial. See Lorenz v. CSX Corp., 1 F.3d 1406, 1413-14 (3d Cir. 1993) (citing Foman, 371 U.S. at 182).

However, where the proposed amended complaint purports to join a non-diverse defendant, 28 U.S.C. § 1447(e) applies. Section 1447(e) provides "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

Although the Court of Appeals for the Third Circuit has not yet articulated an approach to applying section 1447(e) to a motion to amend, it appears that district courts in this jurisdiction use a "flexible and equitable approach" which gives "substantial discretion to the district judge in deciding whether to permit joinder." See Estate of Horvath v. Ciocca, No. 07-2685, 2008 WL 938927, at *3 (E.D. Pa. Apr. 4, 2008); City of Perth Amboy

v. Safeco Ins. Co. of Am., 539 F.Supp.2d 742, 746 (D.N.J. 2008). This "flexible and equitable approach," developed by the Court of Appeals for the Fifth Circuit in Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987), instructs that courts consider: (1) whether the purpose of the amendment is to defeat diversity; (2) whether plaintiff was dilatory in seeking an amendment; (3) whether plaintiff will be prejudiced if the amendment is not granted; and (4) any other equitable factors. See Estate of Horvath, 2008 WL 938927, at *3-5 (weighing Hensgens factors in deciding motion to amend complaint to add a non-diverse party); City of Perth Amboy, 539 F.Supp.2d at 746-50 (same); Bayonne Med Realty, LLC v. Citizens Ins. Co. of Am., No. 08-1004, 2008 WL 2945970, at *3-5 (D.N.J. July 30, 2008) (same); Massaro v. Bard Access Sys., Inc., 209 F.R.D. 363, 368-69 (E.D. Pa. 2002) (same).

If the court grants the motion to amend and a non-diverse party is joined, then the court must remand the case back to the state court. 28 U.S.C. § 1447(e); Estate of Horvath, 2008 WL 938927, at *3. Otherwise, the case will remain in the federal court unless principles of abstention apply. See id.; Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 818-20 (1976).

III.  DISCUSSION

Blue Valley argues that Castle Cheese is simply

6

attempting to defeat diversity jurisdiction and re-litigate matters previously decided by the Court of Common Pleas of Lawrence County. Castle Cheese argues that it has a legitimate reason for adding Jacobs at this time. After considering the Hensgens factors, we will grant Castle Cheese's motion to amend the complaint. Because this amendment defeats diversity, we will also remand the case back to the Court of Common Pleas of Lawrence County, Pennsylvania.

A. Purpose of Amendment

The first Hensgens factor requires us to determine if Castle Cheese's "primary intent" was to defeat jurisdiction. City of Perth Amboy, 539 F.Supp.2d at 747.

Blue Valley asserts that "the sole motive for Plaintiff's Motion was to destroy the jurisdiction of this Court." Blue Valley questions the timing of Castle Cheese's motion to amend because "there can be little question that Plaintiff knew about Jacob's alleged liability-inducing activities when it filed its Praecipe for Writ of Summons on October 17, 2007 and by the time it filed its Complaint on August 13, 2008." Nevertheless, Castle Cheese did not attempt to add Jacobs to the action until September 18, 2008, after Blue Valley removed it to federal court.

While it is true that Castle Cheese did not attempt to add Jacobs until after Blue Valley removed this case to federal court, we do not interpret Castle Cheese's reasons for adding Jacobs to the suit now, rather than earlier, as invidious. Castle

Cheese explains that it waited to bring claims against Jacobs in Lawrence II because, "[a]t the time the Praecipe for Writ of Summons was filed, Plaintiff had no practical reason to name Jacobs because Jacobs was part of [Lawrence I], and believed to be employed by Kantner Group, the other Defendant in [Lawrence I]."

We agree with Castle Cheese that it is still unclear whether Jacobs's employer is Kantner or Blue Valley. Kantner's answers in Lawrence I admit that it was Jacobs's employer. Some Kantner documents produced during discovery in Lawrence I, however, are on Blue Valley letterhead. Counsel for Kantner admitted to the Court of Common Pleas of Lawrence County that Blue Valley is "a part [of] or within Kantner" and referred to Jacob's employer as "The Kantner Group/Blue Valley Foods" in a November 10, 2006 discovery letter to Castle Cheese. Moreover, the interests of Kantner and Blue Valley are substantially similar. Clearly, Kantner and Blue Valley cannot deny that they have a close relationship. Public business records show that the two companies share a common president. Additionally, even a cursory review of Kantner's own website demonstrates that the two companies work together and share a common interest, although the court does not specifically know how the businesses operate relative to one another on a day-to-day basis.

Because of this uncertainty over the status of these defendants and the fact that Jacobs has been a defendant in

Lawrence I since 2005, we are satisfied with Castle Cheese's explanation of why it waited until September, 2008 to add Jacobs as a party in Lawrence II.

We are also persuaded by Castle Cheese's explanation that it anticipated that the Court of Common Pleas of Lawrence County would consolidate Lawrence I and Lawrence II. Because Jacobs was already a party to Lawrence I, there was no need for Castle Cheese to also add him as a defendant in Lawrence II. Now that the action is in federal court, Castle Cheese needs to add Jacobs to the action "as a means of efficient resolution of the claims of Plaintiff against Jacobs in his capacity as an employee of Blue Valley."

We also agree with Castle Cheese that it is appropriate to bring claims against Jacobs related to his employment with Blue Valley. If Jacobs was, in fact, an employee of Blue Cheese, then the breach of contract and PUTSA violation claims against Jacobs arise out of the same nucleus of facts as the underlying claims against Blue Valley. Castle Cheese expressed an interest in the single resolution of its claims relating to the employment of Jacobs by Blue Valley. Where a plaintiff's interest is in efficiency, rather than in defeating jurisdiction, we lean in favor of allowing the proposed amendment. See Bayonne Med Realty, LLC, 2008 WL 2945970, at *3.

Hence, we hold that the first Hensgens factor weighs in

favor of allowing the amendment.

B. <u>Dilatory Motive</u>

We do not find that Castle Cheese's delay in seeking to add Jacobs to the action is dilatory. Dilatory conduct under the second <u>Hensgens</u> factor "takes into consideration the length of time as well as the nature of the delay." <u>City of Perth Amboy</u>, 539 F.Supp.2d at 748 (citation omitted). A plaintiff's conduct may be found to be dilatory when "the purpose of the delay was to unnecessarily prolong litigation." <u>Id.</u> (citing <u>Kahhan v. Mass. Cas. Ins. Co.</u>, No. 01-1128, 2001 WL 1454063, at *2 (E.D. Pa. Nov. 14, 2001)).

Castle Cheese filed its complaint on July 29, 2008 and then filed the instant motion for leave to amend on September 18, 2008. It was not until Blue Valley removed the case to federal court on August 19, 2008, and thus eliminated the possibility that the state court would consolidate Lawrence I and II, that the need to add Jacobs arose.

Because this case has only been pending in federal court since August, 2008, and is still in its infancy, joinder of a new defendant will not prolong litigation. This factor weighs in favor of permitting the amendment.

C. <u>Prejudice</u>

The third <u>Hensgens</u> factor considers whether Castle Cheese will be prejudiced if we refuse its motion to amend. Castle

10

Cheese argues that it will suffer both economic and legal prejudice if it is forced to litigate against Blue Valley here and Jacobs and Kantner in state court. We may consider these arguments in our Hensgens analysis. See City of Perth Amboy, 539 F.Supp.2d at 749; Bayonne Med Realty, LLC, 2008 WL 2945970, at *4; Kahhan, 2001 WL 1454063, at *2.

In City of Perth Amboy, the court held that "there is some prejudice to Plaintiff, in the form of increased costs and potential for inconsistent rulings, that results if the amendment is not allowed." City of Perth Amboy, 539 F.Supp.2d at 749. Similarly, Castle Cheese would be required to litigate two cases arising out of the same facts in two different forums. Moreover, there is a risk of conflicting rulings between state court and this court. This factor, therefore, leans in favor of amendment.

D. Other Equitable Factors

Other equitable factors that courts consider in reviewing a motion for leave to amend a complaint under section 1447(e) include judicial efficiency, judicial economy, and comity. City of Perth Amboy, 539 F.Supp.2d at 749. In light of the significant overlap between the two cases, there is no question that it would be a waste of judicial resources to allow suits in two different forums to proceed against these defendants.[1] Id.

---

[1] If we were not to grant Castle Cheese's motion for leave to amend complaint and motion for remand, we would abstain from this action pursuant to the Colorado River doctrine for these

Both cases arise from a common nucleus of facts, including the employment of Jacobs by Castle Cheese, Jacobs's contracts with Castle Cheese, and Jacobs subsequent employment by Kantner and/or Blue Valley. It would be a waste of resources to litigate these facts in two forums, especially considering the close relationship between Kantner and Blue Valley. Kahhan, 2001 WL 1454063, at *3. Moreover, "[a]s the issues in this case involve application of state law, [Blue Valley] would not be prejudiced by a remand to a state court." City of Perth Amboy, 539 F.Supp.2d at 749 (citing Kahhan, 2001 WL 1454063, at *3); Bayonne Med Realty, LLC, 2008 WL 2945970, at *5.

We also note that this is the first time that Castle Cheese asked for leave to amend its complaint and that Castle Cheese made this request promptly after removal and only approximately one month after filing its original complaint.

Accordingly, we find that the Hensgens analysis weighs in favor of granting Castle Cheese's motion for leave to amend the complaint. We note, however, that by granting this motion for

---

reasons. See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 818-20 (1976). The Colorado River doctrine gives a district court discretion to abstain from exercising jurisdiction where a parallel case is pending in state court. Id.; Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1 (1983). Because we find that a parallel proceeding exists in Lawrence I and that the exceptional circumstances of this dispute require abstention for purposes of wise judicial administration and the conservation of judicial resources, we would decline to exercise our jurisdiction.

leave to amend complaint, we are not holding that Castle Cheese's new claims against Blue Valley for intentional interference with contractual relationship and civil conspiracy will survive. Nothing in this opinion precludes Blue Valley from raising arguments against these claims, including its statute of limitations defenses, in later motions to the state court.

For the foregoing reasons, this court no longer has diversity jurisdiction. Castle Cheese's motion for remand is granted.

IV.       CONCLUSION

Equity requires that this court grant Castle Cheese's motion for leave to amend the complaint. Because the addition of Jacobs destroys the diversity upon which this court has subject matter jurisdiction, we will remand this action to the Court of Common Pleas of Lawrence County, Pennsylvania.

BY THE COURT,

/s/ *[signature]*, J.

cc:       All Counsel of Record

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CASTLE CHEESE, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 08-1158 |
| BLUE VALLEY FOODS, INC., | ) ) ) |
| Defendant. | ) |

<u>ORDER</u>

AND NOW, this /2 day of November, 2008, IT IS HEREBY ORDERED that plaintiff's motion for leave to amend complaint and motion for remand [doc. no. 6], are GRANTED. This action shall be remanded to the Court of Common Pleas of Lawrence County, Pennsylvania.

IT IS HEREBY ORDERED that the Clerk of Court shall close this case.

BY THE COURT:

/s/ _____, J.

cc: All Counsel of Record